UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| E. & J. GALLO WINERY, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>PESTMASTER SERVICES, INC., a California corporation, JEFFERY M. VAN DIEPEN, and UNITED STATES OF AMERICA,<br><br>Defendants. | No. 2:19-cv-02120 WBS KJN<br><br>ORDER RE: MOTION TO DISMISS |

----oo0oo----

Plaintiff E. & J. Gallo Winery ("Gallo") brought this action against Pestmaster Services, Inc. ("Pestmaster"), its president and owner, Jeffery Van Diepen ("Van Diepen"), and the United States of America ("United States") alleging violations of state tort law after Pestmaster's application of an herbicide destroyed Gallo's grape vines. (First Am. Compl. ("FAC") (Docket No. 8).) Before the court is the United States' motion to dismiss for lack of subject matter jurisdiction under Federal

Rule of Civil Procedure 12(b)(1).  (Docket No. 13.)

I. <u>Background</u>

The United States, through its Bureau of Reclamation ("the Bureau") owns and operates a series of dams and canals in the Central Valley Project, among them the Folsom South Canal. (FAC ¶¶ 1, 10.)  The Bureau contracted with Pestmaster to provide weed-abatement services for facilities and properties in the Central Valley Project, including Folsom South Canal, in June 2016.  (<u>Id.</u>; <u>see also</u> Decl. of Kara A. Fleming ("Fleming Decl.") ¶ 4, Ex. 1 (Docket No. 13-2).)

Under the contract, Pestmaster was given discretion to determine how, when, and what herbicide to apply.  (Fleming Decl., Ex. 2 at §§ 3.4, 3.8, 3.16.)  Pestmaster was required to abide by all applicable state and federal laws and submit a Spray Management Work Plan before the start of work, including a plan to "prevent the unauthorized release of any chemicals . . . including clean-up procedures to be undertaken allowing for the protection of . . . neighbors/adjoining property owners." (Fleming Decl., Ex. 2 at §§ 3.0, 3.4-3.6, 3.9.)  Exercising its discretion, Pestmaster decided to use Method®240SL ("Method") to prevent weeds at the Folsom South Canal in December 2016.[1]  (FAC ¶¶ 39-40.)

Method is harmful to grape vines and grapes.  (<u>Id.</u> ¶¶ 2, 17-18.)  Its label explicitly warns users that "[a]pplications

---

[1] Plaintiff correctly claims Method is not on the list of preapproved chemicals in the Scope of Work.  (Opp. to Mot. ("Opp.") at 6 (Docket No. 19).)  However, that list does not purport to be exhaustive or exclusive.  (Fleming Decl., Ex. 2 at § 3.8 ("Chemicals approved for use on Reclamation Lands include the following").)

2

made where runoff water flows onto agricultural land may injure or kill crops such as . . . grapes." (Id.; see also Decl. of David Fallek ("Fallek Decl."), Ex. A (Docket No. 20).) The warning also provides users should not apply Method "during periods of intense rainfall or where prevailing soils are either saturated with water or of a type through which rainfall will not readily penetrate." (Id.; see also Fallek Decl., Ex. A.)

Despite these warnings, Pestmaster allegedly applied Method on the bank of the Folsom South Canal adjacent to Silva Ranch, a Gallo grape vineyard, during a period of intense rainfall. (Id. ¶¶ 3, 11, 13, 20-21.) The herbicide then washed down the bank and into the vineyard, where it was taken up by the grapevines. (Id. ¶¶ 3, 23.) It rendered the grapes unusable in the 2017, 2018, and 2019 growing seasons, resulting in a total loss of more than $200,000. (Id. ¶¶ 3, 25-27, 31.)

Gallo presented a claim to the Bureau for $209,999.58 plus attorney's fees on December 13, 2018, pursuant to the administrative exhaustion requirement of 28 U.S.C. § 2675(a). (Id. ¶ 31.) The Bureau failed to respond to the claim within six months.[2] (Id.) This suit followed.

II. Legal Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows parties to dismiss claims against them for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). An attack on

---

[2] The statute provides "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this action." 28 U.S.C. § 2675(a).

3

subject matter jurisdiction may be facial or factual. "In a facial attack, the challenger asserts that the allegations contained in a compliant are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the trust of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

Where, as here, the defendant has mounted a factual attack, the plaintiff must present "affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." Edison v. United States, 822 F.3d 510, 517 (9th Cir. 2016) (citing Colwell v. Dep't of Health & Human Servs., 558 F.3d 1112, 1121 (9th Cir. 2009)). The district court may consider the parties' evidence without converting the motion to dismiss to a motion for summary judgment. Id. (citing White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). Disputed facts must be resolved in favor of the plaintiff. Id.

III. Discussion

"A party may bring an action against the United States only to the extent that the government waives its sovereign immunity." Valdez v. United States, 56 F.3d 1177, 1179 (9th Cir. 1995). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), represents "a limited waiver of that sovereign immunity," that makes the United States liable "to the same extent as a private party for certain torts of federal employees" under "the law of the place where the act or omission occurred." Edison, 822 F.3d at 518 (internal citations omitted). The FTCA

and its exceptions must be strictly construed, with all ambiguities resolved in favor of the sovereign. United States v. Nordic Village, Inc., 503 U.S. 30, 33 (1992).

The United States cannot be held vicariously liable for the negligent acts of its independent contractors. United States v. Orleans, 425 U.S. 807, 813-14 (1976) (quoting 28 U.S.C. § 2671) (noting the statute's definition of federal "employees" excludes "any contractor with the United States"). This is referred to as the "independent contractor" exception. In its complaint, plaintiff does not allege that the United States or one of its federal employees is directly liable for the damage to its grapes; indeed, its allegations are confined to vicarious liability alone. (See FAC ¶¶ 41, 46, 54.) Accordingly, plaintiff's claims against the United States fail on their face.

Nevertheless, "[t]he independent contractor exception . . . has no bearing on the United States' FTCA liability for its own acts or omissions." Edison, 822 F.3d at 518 (emphasis original). If the United States exercised control over Pestmaster such that Pestmaster cannot be said to be "independent," the United States could be found liable for Pestmaster's actions. See Orleans, 425 U.S. at 814. Such a relationship requires "substantial supervision over the day-to-day operations of the contractor." Autery v. United States, 424 F.3d 944, 957 (9th Cir. 2005) (quoting Letnes v. United States, 820 F.2d 1517, 1519 (9th Cir. 1987)).

Here, it does not appear that the United States exercised the degree of substantial control necessary for Pestmaster or its employees to be considered employees of the

government. As the Ninth Circuit has recognized, "[c]ontractual provisions directing detailed performance generally do not abrogate the contractor exception." Id. at 957. While the Scope of Work provides Pestmaster must submit a Spray Management Work Plan before the start of work, Pestmaster retains ultimate discretion about when to spray, what to spray, and how to spray. (Fleming Decl., Ex. 2 at §§ 3.4-3.6, 3.8, 3.16.) While the contract and the Scope of Work establish a broad, general compliance framework, there is no showing that the United States controled the day-to-day operations of Pestmaster. See Letnes, 820 F.2d at 1519 (holding "detailed regulations and inspections are [not] evidence of an employee relationship.") Accordingly, the United States cannot be held liable for Pestmater's actions.

Finally, Gallo argues California law imposes three separate duties of care on the United States for which it may be held directly liable: (1) as a "pesticide user"; (2) as a landowner; and (3) under the peculiar risk doctrine, which makes landowners liable for the actions of an independent contractor when the work involves a "special risk" of harm. (Opp. to Mot. ("Opp.") at 11-13 (Docket No. 19).) "Even where an employer has delegated some responsibilities to an independent contractor, the employer may still be held separately and directly liable for its own negligence." Edison, 822 F.3d at 518 (citing Logue v. United States, 412 U.S. 521, 532-33 (1973)). "Only upon a finding that the government delegated its entire duty of care may the court dismiss the claim for lack of jurisdiction under the FTCA's independent contractor exception." Id.

As for the first claimed duty, California Food &

6

Agriculture Code § 12972 states that pesticides must be applied in "such a manner as to prevent substantial drift to nontarget areas." Cal. Food & Agric. Code § 12972. But this duty could only be breached by Pestmaster, because only Pestmaster employees applied the herbicides. (FAC ¶¶ 3-4.) For the reasons stated above, Pestmaster employees cannot be considered government employees, and the United States cannot be held liable for their actions.

The second claimed duty is the United States' duty as a landowner. (Opp. at 11-12.) Under California Civil Code Section 1714, "[e]veryone is responsible . . . for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself or herself." Cal. Civ. Code § 1714(a). Plaintiff relies on a misreading of the Ninth Circuit's interpretation of California law in Edison v. United States, 822 F.3d 510 (9th Cir. 2016), to suggest that the United States may be held directly liable as a landowner in this case. (Opp. at 12.) In Edison, a group of prisoners sought to hold the United States directly liable for failing to take actions in response to a coccidioidomycosis epidemic in a federal prison, claiming breaches of duty "outside the scope of [the United States'] relationship" with the independent contractors responsible for the prison's daily operations. 822 F.3d at 518. Here, however, the alleged breaches are attributable to Pestmaster's actions alone. Accordingly, these claims are precluded by the FTCA because the United States cannot be held vicariously liable for

Pestmaster's breach.[3]

With regard to the third claimed duty under the peculiar risk doctrine, a "peculiar risk" is a risk particular to "the work to be done, arising either from the nature or the location of the work and against which a reasonable person would recognize the necessity of taking special precautions." Privette v. Superior Court, 5 Cal 4th 689, 692 (1993) (internal quotations omitted). California's peculiar risk doctrine is "an exception to the general rule that [the government] is not liable for torts committed by an independent contractor." Myers v. United States, 652 F.3d 1021, 1034 (9th Cir. 2011) (citing Yanez v. United States, 63 F.3d 870, 872 (9th Cir. 1995)). The United States can be found directly liable for its own negligence when "it fails to ensure that an independent contractor takes adequate safety precautions" when the work to be performed involves "special dangers." Id. (internal citations omitted).

Pestmaster does not cite any California authority to support its contention that spraying herbicides involves a "special danger" or is an inherently dangerous activity that would trigger application of the peculiar risk doctrine. (Opp. at 13.) While plaintiff cites cases from other jurisdictions,

---

[3] In a footnote in its motion to dismiss, the United States cautioned that "any claim that the United States was negligent in delegating weed abatement to Pestmaster or in training or supervising these independent contractors would be barred by the FTCA's discretionary-function exception." (Mot. at 6 n.2.) This prompted a response from the plaintiff, arguing the discretionary-function exception does not apply. (Opp. at 15-19.) The United States agrees. (Reply at 5 (Docket No. 21).) Accordingly, the court does not express any opinion as to the applicability of the discretionary-function exception to this case.

most are over sixty years old and are of minimally persuasive value.  (Id.)  Accordingly, plaintiff's peculiar risk theory fails because the application of pesticides has not been recognized as a "special danger" under California law.  Because the FTCA's independent contractor exception applies, this court cannot exercise subject matter jurisdiction over plaintiff's claims.

      IT IS THEREFORE ORDERED that defendant United States' motion to dismiss (Docket No. 13) be, and the same thereby is, GRANTED.

Dated:  March 24, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE