UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| E. & J. GALLO WINERY, a California corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PESTMASTER SERVICES, INC., a California corporation, JEFFERY M. VAN DIEPEN, and UNITED STATES OF AMERICA,<br><br>　　　　Defendants. | No. 2:19-cv-02120-WBS-KJN<br><br>ORDER DISMISSING SUPPLEMENTAL CLAIMS |

----oo0oo----

　　　　Plaintiff E. & J. Gallo Winery ("plaintiff" or "Gallo") brought this action against Pestmaster Services, Inc. ("Pestmaster"), its president and owner, Jeffery Van Diepen ("Van Diepen"), and the United States of America ("United States") alleging violations of state tort law after Pestmaster's application of an herbicide destroyed Gallo's grape vines. (First Am. Compl. ("FAC") (Docket No. 8).)  In an order on March 25, 2020, this Court granted the United States' motion to dismiss

1

on the grounds of immunity.  (See Order Granting Mot. to Dismiss (Docket No. 26).)

At the status conference on August 21, 2020, the court raised sua sponte the issue of whether the court still has federal jurisdiction following the dismissal of the claims against the United States.  The court ordered supplemental briefing and takes the question under submission without the need for further arguments.

I.   Discussion[1]

28 U.S.C. § 1367 grants jurisdiction over state-law claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  See 28 U.S.C. § 1367(a).  However, under 28 U.S.C. § 1367(c), the court may decline to exercise supplemental jurisdiction in specified circumstances, including when the "the district court has dismissed all claims over which it has original jurisdiction."  See 28 U.S.C. § 1367(c)(3).  Supplemental jurisdiction is a doctrine of discretion, not of plaintiff's right.  See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).  The Supreme Court has stated that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction

---

[1] The court already recited the factual background in its order dismissing the claims against the United States.  (See Docket No. 26.)  Accordingly, the court will refrain from doing so again.

2

over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988).

Both plaintiff and defendants concede that there is no basis for federal jurisdiction apart from the court's discretionary supplemental jurisdiction.[2] However, both parties urge this court to maintain supplemental jurisdiction over the case. (See generally Pl.'s Jurisdiction Br. (Docket No. 32); Def.'s Resp. Br. (Docket No. 33).) Plaintiff claims that the court maintaining federal jurisdiction will facilitate discovery from the federal actors already dismissed. (See Pl.'s Jurisdiction Br. at 4.) Defendants argue that this court is familiar with the facts of the case and that the significant delay in expert discovery that will be occasioned by plaintiff re-filing the state law claims in state court will be unfair to defendants and a needless expenditure of the parties' and judicial resources. (See Def.'s Resp. Br. at 4.)

Despite these arguments, the court will decline to exercise its supplemental jurisdiction over plaintiff's state law claims here. Comity weighs in favor of declining to exercise supplemental jurisdiction over plaintiff's state law claims because the state court is competent to hear those claims and is likely to have a better understanding of the relevant state law.

Plaintiff speculates that because the parties may need

---

[2] Plaintiff requested the opportunity to provide briefing as to federal enclave jurisdiction, but now concedes that federal enclave jurisdiction does not apply to the facts presented here as the damage to plaintiff's vineyard did not occur on federal property. (Pl.'s Br. on Continuing Federal Jurisdiction over Claims at 2 ("Pl.'s Jurisdiction Br.") (Docket No. 32).)

3

access to federal property to conduct their discovery, it would be easier for them to use the processes of the federal court in order to do so.  First, no showing has been made that the state court processes would be inadequate for these purposes.  Second, the parties have not cited, and the court is unaware of, any authority for retaining supplemental jurisdiction because they prefer to conduct their discovery using the processes of the federal court.

As for defendant's arguments, this case was filed in this court less than a year ago, has not advanced further than the motion to dismiss stage, and plaintiff's state law claims have not been the subject of any significant litigation in this court.  This court's familiarity with this case was limited to the federal claims against the United States.  The court has not yet had any involvement in the merits of the claims against the remaining defendants.  Although counsel state they are ready to take expert depositions, it does not appear that any depositions have been taken yet.  There is nothing to prevent plaintiff from refiling his claims against the remaining defendants in the state court and proceeding with discovery there,[3] and any additional cost or delay resulting therefrom should be minimal.

Convenience and fairness likewise do not weigh in favor of exercising supplemental jurisdiction.  The federal and state

---

[3] "[T]he period of limitations for any claim asserted under [28 U.S.C. 1367(a)], and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d).

4

fora are equally convenient for the parties.  There is no reason to doubt that the state court will provide an equally fair adjudication of the issues.  Plaintiff's federal claims which formed the basis of this court's original jurisdiction, were tenuous from the outset.  (<u>See</u> Order Granting Mot. to Dismiss at 4-6.)  Had plaintiff filed this action in the state court in the first place, any costs or delay resulting from this order could have been avoided.  Judicial economy thus does not weigh in favor of exercising supplemental jurisdiction.

Accordingly, the court declines to exercise supplemental jurisdiction and will dismiss plaintiff's remaining state law claims.

Plaintiff's claims under California law against defendants are DISMISSED WITHOUT PREJUDICE to refiling in state court.

The Clerk of Court is instructed to enter judgment accordingly.

Dated:  September 25, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE